# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN CHRISTIAN BURTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 18-CV-201-GKF-FHM |
| | ) |
| JIMMY MARTIN, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner John Christian Burton, a state prisoner appearing pro se, brings this 28 U.S.C. § 2254 habeas corpus action to seek relief from the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2015-262. Respondent filed a motion to dismiss the habeas petition as time barred under 28 U.S.C. § 2244(d) (Dkt. # 5), and a brief in support (Dkt. # 6). Petitioner filed a response to the motion (Dkt. # 9), and a motion for an evidentiary hearing (Dkt. # 10). By Order filed October 25, 2018 (Dkt. # 13), the Court denied Petitioner's request for an evidentiary hearing but directed Respondent to submit additional documents relevant to the timeliness issue. Respondent complied with the Court's order on November 1, 2018. Dkt. # 14. For the reasons discussed below, the Court grants Respondent's motion to dismiss the petition, and dismisses the habeas petition with prejudice as time barred.

## *BACKGROUND*

A Tulsa County jury found Petitioner guilty of second degree robbery, in violation

of OKLA. STAT. tit. 21, § 797 (2011), after former conviction of two or more felonies, and recommended a 42-year prison sentence. Dkt. # 6-1, at 1. The trial court imposed the recommended sentence on April 8, 2015. *Id.*; Dkt. # 1, at 1. Represented by counsel, Petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA), raising three propositions of error. Dkt. # 6-1, at 1. In an unpublished summary opinion filed September 23, 2016, in Case No. F-2015-382, the OCCA rejected all three propositions of error, rejected two additional propositions Petitioner raised in a supplemental pro se brief, and affirmed Petitioner's conviction and sentence. *Id.* at 1-8. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Dkt. # 1, at 2-3. Petitioner also did not file any applications for post-conviction relief in state court. *Id.* at 9.

Petitioner filed the instant habeas petition on April 11, 2018. *Id.* at 1. He seeks federal habeas relief on the same five grounds he raised on direct appeal:

| | |
|---|---|
| Ground One: | Prosecutorial misconduct deprived Petitioner of a fair trial, V and XIV Amendments to the United States Constitution. |
| Ground Two: | The Petitioner was deprived of Sixth Amendment effective assistance of counsel. |
| Ground Three: | Cumulative errors deprived [Petitioner] of a fair trial in violation of the V, and XIV Amendments to the United States Constitution. |
| Ground Four: | Defense counsel's failure to argue the pretrial photographic and in-court identification process and procedures were permissively suggestive, V, VI and XIV Amendments to the United States Constitution. |
| Ground Five: | Petitioner's Fifth and Fourteenth Amendment Protective Clause right was violated when [Petitioner] was tried by an all white jury. |

Dkt. # 1, at 8-9, 11, 14, 16.

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d) which imposes a one-year limitation period for a state prisoner to file a § 2254 petition for writ of habeas corpus. Dkt. ## 5, 6. Respondent contends (1) Petitioner filed his habeas petition over three months after his one-year limitation period expired, (2) Petitioner is not entitled to statutory tolling, and (3) Petitioner has not demonstrated any other circumstances that would permit him to overcome the time bar. Dkt. # 6, at 2-8.[1]

Petitioner concedes his habeas petition is untimely under § 2244(d). Dkt. # 1, at 19-20. But he alleges that "[o]n or about the 28th day of August 2017, [he] placed a copy of his Habeas Corpus (2254) in the mailing system at the North Fork Correctional Center." *Id.* He further alleges that he filed the instant habeas petition after he learned in March 2018 that this Court never received the August 2017 petition. *Id.* at 19-20. Based on these allegations, Petitioner contends his instant petition can be deemed timely through application of the prison mailbox rule. *Id.* at 20; Dkt. # 9, at 3-4. In the alternative, Petitioner contends he is eligible for equitable tolling based on his attempt to file a timely petition in August 2017—an attempt he claims was unsuccessful for reasons beyond his

---

[1] Respondent also contends the habeas petition is subject to being dismissed as a mixed petition because Petitioner refers in his petition to "two additional unexhausted substantive claims" and asserts that he will seek a stay of this proceeding so that he can pursue those claims in state court. Dkt. # 6, at 8-9. Petitioner does state in his petition that he will request a stay or administrative closure of this proceeding to exhaust two additional claims. Dkt. # 1, at 20. However, he states that he will do so only after the Court resolves whether his petition is time barred. *Id.* In addition, while he identifies the claims he intends to exhaust, he does not brief them. *Id.* As a result, the Court finds the petition is not a mixed petition and declines to dismiss the petition on this basis.

3

control. *Id.* at 19-20; Dkt. # 9, at 4-7, 9-10; Dkt. # 12, at 2-5.

## *ANALYSIS*

**A.     The petition is untimely under 28 U.S.C. § 2244(d)(1)(A).**

The Antiterrorism and Effective Death Penalty Act (AEDPA), imposes a one-year limitation period for a state prisoner seeking federal habeas relief. 28 U.S.C. § 2244(d)(1). Generally, that limitation period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The one-year limitation period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). However, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Here, Petitioner challenged his state judgment by filing a direct appeal with the OCCA, and the OCCA affirmed the judgment on September 23, 2016. Dkt. # 6-1, at 1. Because Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, *see* Dkt. # 1, at 2-3, his judgment became final on December 22, 2016, when the 90-day period for filing a petition for writ of certiorari with the Supreme Court expired. *See Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) (noting state judgment becomes final when "availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied"). Petitioner's one-year limitation period commenced the next day, on December

4

23, 2016, and expired on December 23, 2017. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA one-year limitation period); Fed. R. Civ. P. 6(a)(1)(A) (providing that day of the event triggering limitation period is excluded from calculation of that period). Petitioner filed his federal habeas petition on April 11, 2018, over three months after his one-year limitation period expired. And, because Petitioner concedes he did not file any applications for post-conviction relief in state court, he is not entitled to statutory tolling. *See* 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714. Thus, unless Petitioner can show that his April 2018 petition can be deemed timely through application of the prison mailbox rule or that he is entitled to equitable tolling of the one-year period, his petition is time barred.

**B.     Petitioner has not shown that he complied with the prison mailbox rule with respect to mailing a habeas petition in August 2017.**

In seeking to overcome the time bar, Petitioner invokes the prison mailbox rule and alleges he placed a federal habeas petition "in the mailing system at the North Fork Correctional Center" "[o]n or about" August 28, 2017. Dkt. # 1, at 19; Dkt. # 9, at 3-7. He further alleges he filed the instant habeas petition upon learning, in March 2018, that this Court never received his August 2017 petition. Dkt. # 1, at 19-20; Dkt. # 9, at 3.

Respondent contends Petitioner cannot benefit from the prison mailbox rule because the North Fork Correctional Center (NFCC) has a legal mail system and Petitioner failed to prove that he used that system to mail a federal habeas petition to this Court in August 2017. Dkt. # 6, at 3-6; Dkt. # 11, at 2-6.

Under the prison mailbox rule, a state prisoner's habeas petition "will be considered

5

timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005). Significantly, the prison mailbox rule applies even if the court never receives the documents that the prisoner alleges he submitted to prison officials for mailing. *See Jones v. Heimgartner*, 602 F. App'x 705, 708 (10th Cir. 2015) (unpublished)[2] (citing cases from several circuits that "have recognized the factual nature of the inquiry" regarding compliance with the prison mailbox rule "even given non-receipt" of the relevant pleading); *United States v. McNeill*, 523 F. App'x 979, 982 (4th Cir. 2013) (unpublished) (reasoning that even when court does not receive pleading, factual inquiry regarding compliance with prison mailbox rule remains focused on whether prisoner "actually" delivered pleading to prison officials).

To benefit from the prison mailbox rule, a prisoner must "establish the date on which he or she gave the papers to be filed with the court to a prison official." *Price*, 420 F.3d at 1165. The prisoner can make this showing by either

> (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

*Id.* at 1166. Nonetheless, if the prisoner is incarcerated in a facility that has a legal mail system, the prisoner must use that system to benefit from the prison mailbox rule. *See id.*

---

[2] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

6

("[A]n inmate seeking to take advantage of the mailbox rule must use the prison's legal mail tracking system where one is in place."); Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts* ("If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of [the prison mailbox] rule."); *see also Hailey v. Ray*, 312 F. App'x 113, 115 (10th Cir. 2009) (unpublished) (explaining that "[a] prison legal mail system . . . is one in which 'prison authorities log in all legal mail at the time it is received'" (quoting *United States v. Gray*, 182 F.3d 762, 765 (10th Cir. 1999))).

To support their opposing positions as to whether Petitioner complied with the prison mailbox rule with respect to mailing a habeas petition in August 2017, Petitioner and Respondent each submitted an affidavit from the NFCC's law library supervisor, Paula Bethea. In the first affidavit, submitted by Petitioner, Bethea attested (1) Petitioner "deposited his § 2254 habeas petition in the Prison's Institutional Mailbox on August 28th, 2017," addressed to this Court, and (2) that "[a]fter speaking with [Petitioner] on March 30th, 2018," Bethea found it was "consistent with [her] records . . . that [Petitioner] mailed legal documents to [this Court] on August 28th, 2017." Dkt. # 1, at 23-24. In the second affidavit, submitted by Respondent, Bethea attested:

> . . .
>
> 2. This affidavit is to clarify my earlier affidavit of April 6, 2018, regarding any confusion or erroneous impression raised by that affidavit about whether [Petitioner] properly complied with the prison legal mail system in August 2017.
>
> 3. NFCC follows Department of Corrections Operating Procedures for the handling of legal mail. OP-030117.IV.B.2 provides that all outgoing legal mail will be marked "legal" and entered in a mail log and identified as

7

legal.

4. OP-03117.IV.B.5 requires a staff member to observe the inmate place outgoing legal mail in an envelope before sealing the envelope.

5. [Petitioner] did not bring any legal mail to the law library at NFCC on or around August 28, 2017 to be stamped. As a result, there is nothing in the outgoing legal mail log for [Petitioner] on or around August 28, 2017.

6. My previous affidavit of April 6, 2018, was based solely on my recollection of conversations with [Petitioner] and was not based on any official record of outgoing legal mail.

Dkt. # 6-2.[3]

Notably, both affidavits support Respondent's position that the NFCC had a legal mail system available in August 2017. The first suggests Petitioner used that system; the second states he did not. In his response to the motion to dismiss, Petitioner further muddied the waters. First, in his response, Petitioner alleged that "[o]n the day in question the Mailroom Supervisor, Robin Dickerson was not at work" and the "Legal Log was not used because the replacement supervisor did not know the procedure that was suppose[d] to be in place." *Id.* Yet, in a notarized statement attached to his response, Petitioner alleged (1) he "placed [his August 2017] petition in the *only* mail box provided, which is located in front of the chow hall adjacent to the rotunda," (2) that "there is ***no legal mailing system***

---

[3] In addition to Bethea's second affidavit, Respondent also submitted a statement from Petitioner's institutional account showing no disbursement of a $5 filing fee in August 2017 and one disbursement of a $5 filing fee in March 2018. Dkt. # 6-3, at 1. The latter disbursement corresponds with Petitioner's filing of the instant habeas petition. *Id.*; Dkt. # 2. Respondent contends this account statement further supports that Petitioner did not file a petition in August 2017. Dkt. # 6, at 4-5.[3] The Court finds the absence of a filing fee disbursement in August 2017 relevant but not entitled to much weight in considering whether Petitioner actually mailed a habeas petition in August 2017. It is not uncommon for a pro se prisoner to file a federal habeas petition without contemporaneously submitting the requisite filing fee.

per se', and that the law library has **no legal mail logging system** in place," (3) the NFCC "had **no mail-room** in August 2017," and (4) "the common practice here at the [NFCC] is to either put **legal mail** in the **general mailbox <u>unsealed</u>**, and the mail-room supervisor picks it up and takes it to the law library, or you can (**<u>on your day</u>**) take it to the law library, and then it is given to the mail supervisor." Dkt. # 9, at 9-10 (bold-face type, italics and underlining in original).

Faced with Bethea's two affidavits and Petitioner's contradictory statements, the Court directed Respondent to submit the NFCC's outgoing legal mail logs from July 2017, August 2017 and September 2017. Dkt. # 13, at 2; *see Houston*, 487 U.S. at 275 ("Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one."). Those outgoing legal mail logs demonstrate that (1) the NFCC had a legal mail system available in August 2017, (2) NFCC officials logged inmates' outgoing legal mail throughout the month of August 2017, and (3) the August 2017 log includes one entry for August 28, 2017, and multiple entries between August 29, 2017, and September 29, 2017, none of which reflects any outgoing legal mail from Petitioner. Dkt. # 14-1, at 1-33. As a result, the Court finds, that even assuming Petitioner mailed a federal habeas petition to this Court in August 2017, he has not met his burden to establish that he did so by utilizing the NFCC's legal mail system. As a result, the Court cannot apply the prison mailbox rule to deem his April 2018 petition timely.

C. **Petitioner has not shown any circumstances supporting equitable tolling.**

Because the AEDPA's one-year limitation period is not jurisdictional, that period

9

is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To obtain equitable tolling, a state prisoner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Supreme Court "treat[s] the[se] two requirements as distinct elements . . . rejecting requests for equitable tolling where a litigant fail[s] to satisfy one without addressing whether he satisfied the other." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). A state prisoner seeking equitable tolling "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner fails to satisfy that burden here. He appears to seek equitable tolling based on his general allegations that (1) NFCC officials are responsible for his failure to either understand or comply with the prison mailbox rule with respect to his purported August 2017 petition, (2) the NFCC fails to maintain appropriate staffing levels or to "properly execute[]" the Oklahoma Department of Corrections' policies and procedures, and (3) he "is unskilled in law" and "unaided by counsel." *See* Dkt. # 1, at 20; Dkt. # 9, at 4-6, 9; Dkt. # 10, at 2; Dkt. # 12, at 1-5. These allegations do not support equitable tolling. First, state prisoners seeking federal habeas relief are ordinarily uneducated in the law and most often proceed without counsel. These ordinary circumstances do not support equitable tolling of the one-year period. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not

excuse prompt filing." (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999))). Second, even assuming the NFCC is understaffed, Petitioner fails to show how that circumstance prevented him from filing a timely habeas petition. True, he alleges (1) the mailroom supervisor was out sick when he mailed the August 2017 petition and (2) the "replacement supervisor did not know" how to utilize the "Legal Log." Dkt. # 9, at 5. However, he also alleges he placed his August 2017 in a mailbox by the facility's "chow line" because the NFCC "has ***no legal mail logging system*** in place" and "had ***no mailroom*** in August 2017. These contradictory statements, in conjunction with the NFCC's outgoing legal mail logs showing that NFCC officials logged inmates' outgoing legal mail throughout the month of August 2017 with no apparent complications, *see* Dkt. # 14-1, at 11-24, significantly undermine Petitioner's claim that NFCC officials are responsible for his failure to use the facility's legal mail system. Third, while Petitioner lodges multiple complaints about the NFCC's execution of the ODOC's policies and procedures, the NFCC's outgoing legal mail logs demonstrate that the NFCC provided inmates an adequate legal mail system during the time frame Petitioner claims he was prevented from filing a timely habeas petition. Moreover, the record reflects that Petitioner, who remains incarcerated at the NFCC, filed a federal habeas petition in April 2018, only one month after he contends he learned that this Court had not received the August 2017 petition. Dkt. # 1, at 1, 19, 24-25. The April 2018 petition arrived at this Court in an envelope identified as "Legal Mail," initialed as received by NFCC officials for mailing on April 6, 2018, and postmarked April 9, 2018. *Id.* at 27. In short, the record establishes that the NFCC had a legal mailing system in August 2017 and the record does not support Petitioner's claim that

11

"matters outside [his] control" prevented him from using that system to file a timely federal habeas petition. *Menominee Indian Tribe of Wis.*, 136 S. Ct. at 756. For these reasons, Petitioner fails to establish that his circumstances warrant equitable tolling.

## *CONCLUSION*

Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A) and Petitioner has not shown any circumstances that would excuse the untimeliness. The Court therefore grants Respondent's motion to dismiss and dismisses the petition for writ of habeas corpus, with prejudice, as time barred.

## **Certificate of Appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the [habeas] applicant." The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court dismisses a habeas petition on procedural grounds, the applicant must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determinations that the habeas petition is time barred and that Petitioner fails to demonstrate any circumstances that would excuse the untimeliness of his petition. The Court therefore denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss the petition as time barred (Dkt. # 5) is granted.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered herewith.

   **DATED** this 5th day of November 2018.

   *[signature]*
   GREGORY K. FRIZZELL, CHIEF JUDGE